`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA    )
          )
v.          )      NO. 2:15-CR-141
          )
ANDREW THOMAS RICKER    )

## MEMORANDUM AND ORDER

This matter is before the court on defendant's pro se motions to reduce sentence or release to home confinement pursuant to the First Step Act/CARES Act [Docs. 31, 32]. Defendant pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A. He was sentenced to 109 months imprisonment on July 20, 2016. He is presently scheduled to be released from federal custody on June 1, 2024.

In support of his motion, defendant states that he suffers from hypertension which puts him at "increased risk of infection, grave illness, and death due to COVID-19." Defendant submitted a request for compassionate release to the Warden at his facility on May 22, 2020, but has not received a response. Therefore, he asks the Court to waive the exhaustion requirement.

A district court may only amend a final judgment when Congress has given it authority to do so by statute. *United States v. Thompson,* 714 F.3d 946, 948 (6th Cir. 2013). Courts are receiving release requests under two distinct statutory "mechanisms" during the

current pandemic – the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A).

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id; accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Although a sentencing court may *recommend* a particular type of prison facility during sentencing, any order, recommendation or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility has no binding effect on the authority of the Bureau of Prisons to determine or change the place of imprisonment. *See* 18 U.S.C. § 3621(b) (emphasis added).

Here, defendant references his hypertension as a reason that may or may not warrant home confinement, but, even in the midst of the COVID-19 pandemic, the Bureau of Prisons retains the authority to make that determination. The Attorney General has directed the Director of the Bureau of Prisons to prioritize the use of existing statutory authority to place prisoners in home confinement. *See* Attorney General's March 26, 2020 Directive. The Bureau of Prisons is evaluating its entire population to assess each inmates' vulnerability to COVID-19, whether home confinement would increase that inmate's risk

of contracting COVID-19, and whether release to home confinement would risk public safety.

Consequently, because the Court does not have the power to order home confinement under the CARES Act, the Court cannot grant defendant's request on this basis. Likewise, because the Bureau of Prisons is in the best position to determine the proper placement of inmates taking into account individual considerations based on an inmate's background, medical history, and general considerations about public safety, the Court is not prepared to make a recommendation as to defendant.

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that defendants may move for what is often called compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, defendant submitted a request for compassionate release to the Warden at his facility on May 22, 2020 but has not received a response. Even in the midst of the COVID-19 pandemic, the Court cannot disregard the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), as set forth by Congress. *United States v. Boyd,* 2020 WL 2106023 at *1 (E.D.Tenn. May 1, 2020). Thus, the Court cannot weigh the merits of defendant's motion

3

under the "compassionate release" framework until the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i) is satisfied.

While it sympathizes with defendant's concerns, the Court does not have the power to order home confinement under the CARES Act and the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) have not been met. Therefore, defendant's motions [Docs. 31, 32] are **DENIED without prejudice.**

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

4